## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-cv-982 |
| v. | ) ) | |
| GINA M. RAIMONDO, in her official capacity as Secretary of the Department of Commerce; JANET COIT, in her official capacity as Assistant Administrator for NOAA Fisheries; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; and NATIONAL MARINE FISHERIES SERVICE | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

### FEDERAL DEFENDANTS' ANSWER

Pursuant to Federal Rule of Civil Procedure 8, Gina M. Raimondo, acting in her official capacity as Secretary of the Department of Commerce, Janet Coit, acting in her official capacity as Assistant Administrator for NOAA Fisheries, National Oceanic and Administration, and National Marine Fisheries Service ("NMFS"), collectively referred to as "Federal Defendants", hereby assert their answers and defenses to the Complaint filed by Plaintiff Natural Resources Defense Council, Inc. The numbered paragraphs, headings, and subheadings of this Answer correspond with the numbered paragraphs, headings, and subheadings in Plaintiff's Complaint. To the extent that those headings expressly or implicitly include substantive legal or factual allegations, those allegations are hereby denied.

The Federal Defendants' responses to the Plaintiff's Complaint are set forth below as follows:

1.      The allegations contained in paragraph 1 constitute conclusions of law and purport to characterize Plaintiff's action, to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.      The allegations contained in paragraph 2 purport to characterize Plaintiff's action, to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.      The allegations contained in paragraph 3 purport to characterize Plaintiff's action, to which no response is required.

4.      The allegations contained in the first sentence of paragraph 4 constitute conclusions of law, to which no response is required. The allegations contained in the second sentence of paragraph 4 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

5.      In response to the allegations contained in the first sentence of paragraph 5, Defendants admit that NMFS published a final rule implementing Framework Adjustment 17 to the Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan and Framework Adjustment 6 to the Bluefish Fishery Management Plan on March 9, 2023. Except as expressly admitted herein, Defendants deny the allegations contained in the first sentence of paragraph 5. The allegations contained in the second sentence of paragraph 5 purport to characterize Plaintiff's action, to which no response is required.

6.      The allegations contained in paragraph 6 constitute conclusions of law, to which no response is required.

7.      The allegations contained in paragraph 7 constitute conclusions of law, to which no response is required.

8.      The allegations contained in paragraph 8 constitute conclusions of law, to which no response is required.

9.      Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 9 and deny them on that basis.

10.      In response to the allegations contained in paragraph 10, Defendants admit that Plaintiff NRDC submitted comments in response to the public notice on the proposed rule to implement Framework Adjustment 17 to the Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan and Framework Adjustment 6 to the Bluefish Fishery Management Plan. Defendants lack information or knowledge sufficient to form an opinion as to the truth of the remaining allegations contained in paragraph 10 and deny them on that basis.

11.      Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 11 and deny them on that basis.

12.      Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in first, second, third, and fourth sentences of paragraph 12, and deny them on that basis. The allegations contained in the fifth and sixth sentences of paragraph 12 constitute conclusions of law, to which no response is required.

13.      The allegations contained in paragraph 13 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 13.

14.     a. Defendants admit the allegation contained in the first sentence of paragraph 14a that Gina M. Raimondo is the Secretary of the U.S. Department of Commerce, and further aver that the balance of allegations contained in paragraph 14a constitute conclusions of law, to which no response is required.

14.     b. In response to the allegations contained in the first sentence of paragraph 14b, Defendants aver that the National Oceanic and Atmospheric Administration is a sub-agency within the Department of Commerce, and further avers that the balance of allegations contained in paragraph 14b constitute conclusions of law, to which no response is required.

14.     c. Defendants admit the allegation contained in the first sentence of paragraph 14c that Janet Coit is the Assistant Administrator for NOAA Fisheries, and further aver that the balance of allegations contained in paragraph 14a constitute conclusions of law, to which no response is required.

14.     d. In response to the allegations contained in the first sentence of paragraph 14d, Defendants aver that the National Marine Fisheries Service is a line office within NOAA, and further avers that the balance of allegations contained in paragraph 14b constitute conclusions of law, to which no response is required.

15.     The allegations contained in paragraph 15 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

16.     The allegations contained in paragraph 16 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

17.     The allegations contained in paragraph 17 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

18.     The allegations contained in paragraph 18 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.19.     Defendants admit the allegations contained in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied. Defendants deny the allegations contained in the third sentence of paragraph 19.

20.     The allegations contained in paragraph 20 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

21.     The allegations contained in paragraph 21 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

22.     The allegations contained in paragraph 22 purport to characterize provisions of the Magnuson-Stevens Act and its regulatory guidelines, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act and its regulatory guidelines are denied.

23.     The allegations contained in paragraph 23 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

24.     The allegations contained in paragraph 24 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

25.     The allegations contained in the first sentence of paragraph 25 are too vague and ambiguous to permit a response and are therefore denied. In response to the allegations contained in the second sentence of paragraph 25, Defendants aver that the allegations regarding "overfishing challenges" are too vague and ambiguous to permit a response and are therefore denied. The remaining allegations contained in the second sentence of paragraph 25 purport to characterize amendments to the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of amendments to the Magnuson-Stevens Act are denied.

26.     In response to the allegations in paragraph 26, Defendants admit that the Magnuson-Stevens Act was amended in 2006 and aver that the remaining allegations purport to

characterize Magnuson-Stevens Act amendments, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those amendments to the Magnuson-Stevens Act are denied.

27.     The allegations contained in the first sentence of paragraph 27 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied. Defendants deny the allegations contained in the second sentence of paragraph 27. The allegations contained in the third sentence of paragraph 27 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

28.     The allegations contained in the first sentence of paragraph 28 are too vague and ambiguous to permit a response and are therefore denied. The allegations contained in the second sentence of paragraph 29 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the judicial opinion is denied.

29.     The allegations contained in the first and second sentences of paragraph 29 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied. The allegations contained in the third sentence of paragraph 29 purport to characterize provisions of the Magnuson-Stevens Act regulatory guidelines, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act regulatory guidelines are denied.

30.     The allegations contained in the paragraph 30 purport to characterize provisions of the Magnuson-Stevens Act, associated legislative history, and a Federal Register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act, associated legislative history, and a Federal Register notice are denied.

31.     The allegations contained in the first and second sentences of paragraph 31 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied. The allegations contained in the third sentence of paragraph 31 purport to characterize provisions of Magnuson-Stevens Act regulatory guidelines, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act regulatory guidelines are denied.

32.     The allegations contained in the first two sentences of paragraph 32 constitute conclusions of law, to which no response is required. Defendants admit the allegations contained in the third sentence of paragraph 32. The allegations contained in the fourth sentence of paragraph 32 constitute conclusions of law, to which no response is required.

33.     The allegations contained in paragraph 33 purport to characterize provisions of the Magnuson-Stevens Act regulatory guidelines, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act regulatory guidelines are denied.

34.    The allegations contained in the first and third sentences of paragraph 34 are too vague and ambiguous to permit a response and are therefore denied. Defendants admit the allegations contained in the second sentence of paragraph 34.

35.    The allegations contained in the first sentence of paragraph 35 are too vague and ambiguous to permit a response and are therefore denied. The allegations contained in the second sentence of paragraph 35 purport to characterize the cited document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

36.    The allegations contained in paragraph 36 purport to characterize provisions of the Modernizing Recreational Fisheries Management Act of 2018, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Modernizing Recreational Fisheries Management Act of 2018 are denied.

37.    The allegations contained in paragraph 37 purport to characterize provisions of the Modernizing Recreational Fisheries Management Act of 2018, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Modernizing Recreational Fisheries Management Act of 2018 are denied.

38.    The allegations contained in paragraph 38 purport to characterize provisions of the Administrative Procedure Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Administrative Procedure Act are denied.

39.     The allegations contained in the first sentence of paragraph 39 purport to characterize provisions of the Administrative Procedure Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Administrative Procedure Act are denied. The allegations contained in the second sentence of paragraph 39 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the judicial opinion are denied.

40.     Defendants admit the allegations contained in paragraph 40.

41.     Defendants admit the allegations contained in the first sentence of paragraph 41. The allegations contained in the second sentence of paragraph 41 purport to characterize the Atlantic States Marine Fisheries Commission interstate compact, Pub. L. No. 77-539 (1942), *as amended by* Pub. L. No. 81-721 (1950), which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Atlantic States Marine Fisheries Commission interstate compact. Defendants admit the allegations contained in the third sentence of paragraph 41.

42.     The allegations contained in paragraph 42 are too vague and ambiguous to permit a response and are therefore denied.

43.     Defendants admit the allegations contained in the first sentence of paragraph 43. Defendants deny the allegations contained in the second sentence of paragraph 43. Defendants admit the allegations contained in the third and fourth sentences of paragraph 43. Defendants admit that black sea bass was declared overfished in 1997 and declared rebuilt in 2009 and deny the remaining allegations contained in the fifth sentence of paragraph 43. Defendants admit the

allegations contained in the sixth sentence of paragraph 43. Defendants admit the allegations contained in the seventh sentence of paragraph 43.

44.     Defendants admit the allegations in the first sentence of paragraph 44. The allegations contained in the second and third sentences of paragraph 44 purport to characterize the Fishery Management Plan, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Fishery Management Plan. In response to the allegations contained in the fourth sentence of paragraph 44, Defendants aver that in 2011 NMFS approved Amendment 15 to the Mid Atlantic Fishery Management Council's Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan. The remaining allegations contained in the fourth sentence of paragraph 44 purport to characterize Amendment 15 to the Mid Atlantic Fishery Management Council's Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Amendment 15 to the Mid Atlantic Fishery Management Council's Summer Flounder, Scup, and Black Sea Bass Fishery Management Plan Fishery Management Plan.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Defendants deny the allegations contained in paragraph 46.

47.     Defendants admit the allegations contained in the first two sentences of paragraph 47. Defendants deny the allegations contained in the third sentence of paragraph 47.

48.     Defendants admit the allegations contained in the first sentence of paragraph 48. The allegations contained in the second sentence of paragraph 48 purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content.

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register notice.

49.     Defendants admit the allegations contained in paragraph 49.

50.     The allegations contained in paragraph 50 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

51.     The allegations contained in paragraph 51 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

52.     The allegations contained in paragraph 52 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

53.     The allegations contained in paragraph 53 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

54.     The allegations contained in paragraph 54 purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register notice.

55.     The allegations contained in paragraph 55 purport to characterize Federal Register notices, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register notices.

56.     In response to the allegations contained in the first sentence of paragraph 56, Defendants admit that Plaintiff submitted a comment letter in response to the Federal Register notice for the Framework Adjustment 17 proposed rule and aver that the remaining allegations contained in the first sentence of paragraph 56 purport to characterize Plaintiff's comment letter, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Plaintiff's comment letter. Defendants admit the allegations contained in the second sentence of paragraph 56. The allegations contained in the third sentence of paragraph 56 purport to characterize a Scientific and Statistical Committee report, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Scientific and Statistical Committee report.

57.     Defendants admit the allegations contained in the first sentence of paragraph 57. The allegations contained in the second and third sentences of paragraph 56 purport to characterize a memo, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the memo.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations contained in the first sentence of paragraph 59. The allegations contained in the second, third, fourth, fifth, and sixth sentences of paragraph 59

purport to characterize an Environmental Assessment, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Environmental Assessment.

60.     Defendants admit the allegations contained in the first sentence of paragraph 60. The allegations contained in the second sentence of paragraph 60 purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register notice.

61.     Defendants incorporate their responses to paragraphs 1-60 above.

62.     The allegations contained in paragraph 62 purport to characterize the Magnuson-Stevens Act, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act.

63.     The allegations contained in paragraph 63 purport to characterize the Magnuson-Stevens Act, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act.

64.     The allegations contained in paragraph 64 purport to characterize the Magnuson-Stevens Act, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of the Magnuson-Stevens Act.

65.     The allegations contained in paragraph 65 constitute conclusions of law, to which no response is required.

66.     The allegations contained in paragraph 66 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

67.     The allegations contained in paragraph 67 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.      Defendants deny the allegations contained in paragraph 73.

74.      Defendants deny the allegations contained in paragraph 74.

75.     Defendants incorporate their responses to paragraphs 1-74 above.

76.     The allegations contained in paragraph 76 purport to characterize provisions of the Magnuson-Stevens Act, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those provisions of the Magnuson-Stevens Act are denied.

77.     The allegations contained in paragraph 77 purport to characterize Framework Adjustment 17, which speaks for itself and is the best evidence of its content. Defendants deny

the allegations to the extent they are inconsistent with the plain language, meaning, and context of Framework Adjustment 17.

78.     Defendants deny the allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

## PRAYER FOR RELIEF

The remaining paragraphs comprise Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Any allegation not specifically admitted, denied, or qualified in the foregoing Answer is hereby denied.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available, Federal Defendants hereby assert the following defenses:

1.     Plaintiff lacks standing.

2.     Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

3.     To the extent Plaintiff purports to challenge proposed recreational management measures for the upcoming 2023 fishing season, *see* Recreational Management Measures for the

Summer Flounder, Scup, and Black Sea Bass Fisheries; Fishing Year 2023, 88 Fed. Reg. 19,046

(Mar. 30, 2023) (proposed rule), some of Plaintiff's claims are unripe.

Respectfully submitted, this 23rd day of June, 2023.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN
D.C. Bar No. 470050
Wildlife & Marine Resources Section
4 Constitution Square
150 M Street, N.E.
Washington, D.C. 20002
Tel: 202-305-0204
Email:  mark.brown@usdoj.gov

Of Counsel:

John Almeida, Attorney-Advisor
NOAA Office of General Counsel
Gloucester, Massachusetts

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, a copy of the foregoing was served by electronic

means on all counsel of record by the Court's CM/ECF system.

 */s/ Mark Arthur Brown*
MARK ARTHUR BROWN